Rachel Seaton Brownell (N.J. Bar No. 021842011)
**LITTLER MENDELSON, P.C.**
One Newark Center
8th Floor
Newark, New Jersey 07102
973.848.4700
*Attorneys for Defendant*
*Quickbase, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL MARZARELLA,<br><br>                    Plaintiff,<br><br>vs.<br><br>QUICKBASE, INC. and JOHN DOES (1-5)<br>and (6-10),<br><br>                    Defendant. | Civil Action No. 3:23-CV-03855-MAS-JBD<br><br>**DEFENDANT'S ANSWER AND<br>SEPARATE DEFENSES**<br><br>***Electronically Filed*** |

Defendant Quickbase, Inc. ("Defendant" or "Quickbase") by and through its attorneys, Littler Mendelson, P.C. responds to the allegations in the Complaint of Plaintiff Michael Marzarella ("Plaintiff") as follows:

## AS TO THE INTRODUCTION

Defendant admits Plaintiff has initiated this action asserting violations of the New Jersey Law Against Discrimination ("LAD"), and the Age Discrimination in Employment Act ("ADEA"), and alleges Defendant interfered with Plaintiff's rights pursuant to the Family and Medical Leave Act ("FMLA") by allegedly retaliating against Plaintiff for taking intermittent leave as a result of his medical condition but denies that there is any basis in law or fact for such claims. Defendant also denies engaging in any unlawful actions and that there is any basis to award any relief to Plaintiff.

## AS TO THE PARTIES

1.      Defendant admits that Quickbase employed Plaintiff and that Plaintiff is an individual who resided in New Jersey during his employment with Quickbase. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 1 and therefore denies same.

2.      Defendant admits that it is registered to conduct business and operating in the State of New Jersey, with its service of process address at Princeton South Corporate Center, Suite 160, 100 Charles Ewing Boulevard, Ewing, NJ 08628, but Defendant denies the remaining allegations contained in Paragraph 2, including that it is incorporated in the State of New Jersey.

3.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 and therefore denies same.

## AS TO THE FACTUAL ALLEGATIONS

4.      Defendant admits the allegations contained in Paragraph 4.

5.      Defendant admits that it terminated Plaintiff's employment on or about January 6, 2023.  Defendant denies the remaining allegations contained in Paragraph 5.

6.      Defendant admits the allegations contained in Paragraph 6.

7.      Defendant admits that one of Plaintiff's job responsibilities was to manage a team of sales executives.  Defendant denies the remaining allegations contained in Paragraph 7.

8.      Defendant denies the allegations contained in Paragraph 8.

9.      Defendant denies the allegations contained in Paragraph 9.

10.     Defendant admits the allegations contained in Paragraph 10.

11.     Defendant denies the allegations contained in Paragraph 11.

12.     Defendant admits the allegations contained in Paragraph 12.

13.    Defendant admits the allegations contained in Paragraph 13.

14.    Defendant admits the allegations contained in Paragraph 14.

15.    Defendant denies the allegations contained in Paragraph 15.

16.    Defendant denies the allegations contained in Paragraph 16.

17.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17, and therefore denies same.

18.    Defendant admits the allegations contained in Paragraph 18.

19.    Defendant denies the allegations contained in Paragraph 19.

20.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20, and therefore denies same.

21.    Defendant denies the allegations contained in Paragraph 21.

22.    Defendant denies the allegations contained in Paragraph 22.

23.    Defendant denies the allegations contained in Paragraph 23.

24.    Defendant admits the allegations contained in Paragraph 24.

25.    Defendant admits the allegations contained in Paragraph 25.

26.    Defendant admits the allegations contained in Paragraph 26.

27.    Except to admit that Plaintiff complained about the way Burke spoke to him, Defendant denies the remaining allegations contained in Paragraph 27.

28.    Defendant denies the allegations contained in Paragraph 28.

29.    Defendant admits that Plaintiff stated that he is in a protected category as someone over the age of 40.  Defendant denies the remaining allegations contained in Paragraph 29.

30.    Defendant denies the allegations contained in Paragraph 30.

31.    Defendant denies the allegations contained in Paragraph 31.

32.      Defendant denies the allegations contained in Paragraph 32.

33.      Defendant denies the allegations contained in Paragraph 33.

34.      Defendant denies the allegations contained in Paragraph 34.

35.      Defendant admits the allegations contained in Paragraph 35.

36.      Except to admit that Plaintiff met with Meghan Dowling to discuss Badolato's proposal to issue a performance improvement plan to Scott Gregorcyzk and Plaintiff's objection to same, Defendant denies the remainder of the allegations contained in Paragraph 36.

37.      Defendant denies the allegations contained in Paragraph 37.

38.      Defendant denies the allegations contained in Paragraph 38.

39.      Defendant denies the allegations contained in Paragraph 39.

40.      Defendant denies that Brendan Burke made derogatory comments to Plaintiff directly about his age.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations concerning Plaintiff's beliefs contained in Paragraph 40, and therefore denies same.  Defendant denies the remaining allegations contained in Paragraph 40, including that Burke engaged in any discrimination or harassment toward Plaintiff due to his age.

41.      Defendant denies the allegations contained in Paragraph 41.

42.      Defendant denies that Jennifer Badolato made derogatory comments to Plaintiff directly about his FMLA leave.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations concerning Plaintiff's beliefs contained in Paragraph 42, and therefore denies same.  Defendant denies the remaining allegations contained in Paragraph 42, including that Badolato engaged in any discrimination or harassment toward Plaintiff related to any FMLA leave.

43.      Defendant denies the allegations contained in Paragraph 43.

44.    Defendant admits the allegations contained in Paragraph 44.

45.    Defendant admits the allegations contained in Paragraph 45.

46.    Defendant denies the allegations contained in Paragraph 46.

47.    Defendant denies the allegations contained in Paragraph 47.

48.    Except to admit that Steve Percoco, an existing Strategic Account Executive, received a promotion as a result of Quickbase's restructuring, Defendant denies the remaining allegations contained in Paragraph 48.

49.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 49, and therefore denies same.

## AS TO LEGAL AVERMENTS

50.    Defendant denies the allegations contained in Paragraph 50.

51.    Defendant denies the allegations contained in Paragraph 51.

52.    Defendant denies the allegations contained in Paragraph 52.

53.    Defendant denies the allegations contained in Paragraph 53.

54.    Defendant denies the allegations contained in Paragraph 54.

55.    Except to admit that Quickbase employed more than 50 employees, the remainder of the allegations constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits the allegations.

56.    Defendant denies the allegations contained in Paragraph 56.

57.    Defendant denies the allegations contained in Paragraph 57.

58.    Defendant denies the allegations contained in Paragraph 58.

59.    Defendant denies the allegations contained in Paragraph 59.

60.    Defendant denies the allegations contained in Paragraph 60.

61.    Defendant denies the allegations contained in Paragraph 61.

62.    Defendant admits the allegations contained in Paragraph 62.  Defendant denies that there is any basis in law or fact for the claims asserted in Plaintiff's EEOC Charge.

63.    Defendant admits the allegations contained in Paragraph 63.

64.    Defendant denies the allegations contained in Paragraph 64.

## AS TO COUNT I
## ALLEGED RETALIATION UNDER THE LAD

65.    Defendant repeats, restates, and realleges the responses to the preceding paragraphs as if fully set forth herein.

66.    Defendant denies the allegations contained in Paragraph 66.

67.    Defendant denies the allegations contained in Paragraph 67.

To the extent that the "Wherefore" Clause contains any allegations that require a response, Defendant denies them.  Defendant specifically denies that Plaintiff is entitled to any damages or other relief whatsoever (including, but not limited to, compensatory damages, including emotional pain and suffering, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, the value of any lost benefits, equitable reinstatement, equitable instatement or promotion, and any other relief).  Defendant also denies that Plaintiff has any factual or legal basis to seek such relief.

## AS TO COUNT II
## ALLEGED FMLA INTERFERENCE

68.    Defendant repeats, restates, and realleges the responses to the preceding paragraphs as if fully set forth herein.

69.    Defendant denies the allegations contained in Paragraph 69.

70.    Defendant denies the allegations contained in Paragraph 70.

71.     Defendant denies the allegations contained in Paragraph 71.

To the extent that the "Wherefore" Clause contains any allegations that require a response, Defendant denies them.  Defendant specifically denies that Plaintiff is entitled to any damages or other relief whatsoever (including, but not limited to, compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, liquidated damages, and any other relief).  Defendant also denies that Plaintiff has any factual or legal basis to seek such relief.

### AS TO COUNT III
### ALLEGED ADEA RETALIATION

72.     Defendant repeats, restates, and realleges the responses to the preceding paragraphs as if fully set forth herein.

73.     Defendant denies the allegations contained in Paragraph 73.

74.     Defendant denies the allegations contained in Paragraph 74.

To the extent that the "Wherefore" Clause contains any allegations that require a response, Defendant denies them.  Defendant specifically denies that Plaintiff is entitled to any damages or other relief whatsoever (including, but not limited to, compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, liquidated damages, and any other relief).  Defendant also denies that Plaintiff has any factual or legal basis to seek such relief.

75.     Defendant admits that Plaintiff requests the equitable remedies set forth in subparagraphs (a)-(e) but denies that Plaintiff is entitled to any damages or other relief whatsoever, including the equitable relief requested.  Defendant also denies that Plaintiff has any factual or legal basis to seek such relief.

**GENERAL DENIAL**

To the extent not explicitly denied herein, Defendant generally denies each and every allegation in the Complaint and further denies that Plaintiff has been damaged in the manner alleged or in any manner or amount or at all as a result of any alleged act or omission of Defendant.

**SEPARATE DEFENSES**

Defendant asserts the following defenses without assuming any burden of proof that it does not otherwise have as a matter of law.

**FIRST SEPARATE DEFENSE**

The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

**SECOND SEPARATE DEFENSE**

The Complaint fails, in whole or in part, to state a claim upon which an award of punitive damages or liquidated damages may be granted, and Defendant's good-faith efforts to prevent discrimination, harassment and retaliation bar an award of such damages.

**THIRD SEPARATE DEFENSE**

The Complaint fails, in whole or in part, to state a claim upon which an award of attorneys' fees and expenses may be granted.

**FOURTH SEPARATE DEFENSE**

Plaintiff's claims, or the damages he may recover, are barred, or at least reduced by his failure to mitigate damages, and Defendant is entitled to an offset in the amount Plaintiff has actually earned and/or could have earned in the exercise of reasonable diligence.

**FIFTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendant implemented, applied, and disseminated effective equal employment opportunity, non-discrimination, and non-

retaliation policies and procedures that expressly barred discrimination/harassment/retaliation of the kind alleged by Plaintiff and contained specific explanations of Defendant's complaint and investigation procedures.

## SIXTH SEPARATE DEFENSE

All employment decisions regarding Plaintiff were made because of legitimate, non-discriminatory and non-retaliatory reasons, unrelated to any alleged protected activity, the purported exercise of rights under the FMLA and/or any other protected classification or activity.

## SEVENTH SEPARATE DEFENSE

Plaintiff's claims and/or requests for relief are barred, in whole or part, by the after-acquired evidence doctrine.

## EIGHTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, consent, laches, and/or unclean hands.

## NINTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part and Plaintiff's damages, if any, are wholly attributable to the wrongful acts, omissions, bad faith or other conduct of Plaintiff or a third party for whose actions Defendant is not responsible.

## TENTH SEPARATE DEFENSE

To the extent Plaintiff alleges claims for negligence or for physical, mental or emotional distress, including claims for the recovery of any medical expenses incurred thereby, such claims are barred by the exclusive remedy provision of the New Jersey Workers' Compensation Act, N.J.S.A. 34:15-1 et seq.

## ELEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations and/or failure to exhaust administrative remedies and/or other statutory prerequisites or other

provisions of law.

### TWELFTH SEPARATE DEFENSE

Plaintiff unreasonably failed to avail himself of or to exhaust the complaint procedures set forth in Defendant's widely distributed policy against discrimination, harassment, and retaliation.

### THIRTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Defendant took prompt and appropriate action to investigate and address any concerns raised by Plaintiff regarding the terms and conditions of his employment, including any concerns he may have raised regarding his alleged interactions with others in the workplace.

### FOURTEENTH SEPARATE DEFENSE

Defendant is not the proximate or actual cause of the damages alleged by Plaintiff.

### FIFTEENTH SEPARATE DEFENSE

All actions or omissions by Defendant were taken in good faith, and with reasonable belief that such actions or omissions did not violate the FMLA.

### SIXTEENTH SEPARATE DEFENSE

Plaintiff's claims under the FMLA fail in that Defendant did not interfere with, restrain or deny the exercise, or the attempt to exercise, any rights to which Plaintiff was entitled under the Act.

### SEVENTEENTH SEPARATE DEFENSE

Defendant reserves the right to rely upon any and all further defenses which become available to it or appear during discovery or pre-trial proceedings in this action, based upon any facts it learns during discovery, and hereby specifically reserves the right to amend its Answer for the purpose of asserting any additional defenses.

**WHEREFORE**, Defendant respectfully requests judgment denying all of Plaintiff's requested relief, and dismissing the Complaint against it with prejudice, together with its attorneys' fees and cost of suit.

## DEMAND FOR STATEMENT OF DAMAGES

Under Local Civil Rule 8.1, Defendant demands a written statement of the amount of damages claimed by Plaintiff within fourteen days of service of the within Answer.

## CERTIFICATION UNDER L. Civ. R. 11.2

The undersigned counsel for Defendant certifies that to the best of their knowledge and belief, the above-captioned controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Date:   August 8, 2023

**LITTLER MENDELSON, P.C.**
*Attorneys for Defendant*
*Quickbase, Inc.*

*s/ Rachel Seaton Brownell*
    Rachel Seaton Brownell

11

## <u>CERTIFICATE OF SERVICE</u>

I, Rachel Seaton Brownell, hereby certify that on this 9th day of August 2023, the foregoing

Answer and Separate Defenses was filed using the District of New Jersey's ECF system, through

which this document is available for viewing and downloading, causing a notice of electronic filing

to be served upon all counsel of record:

Drake P. Bearden, Jr., Esq.
Javerbaum Wurgaft Hicks
Kahn Wikstrom & Sinins, P.C.
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, NJ 08043

*/s/ Rachel Seaton Brownell*
Rachel Seaton Brownell

Dated: August 8, 2023

4880-3623-9478.2 / 093085-1014