

**Littler Mendelson, P.C.**
One Newark Center
8th Floor
Newark, NJ  07102


Rachel Seaton Brownell
973.848.4762 direct
973.848.4700 main
973.556.1471 fax
rsbrownell@littler.com

November 21, 2025


<u>**VIA ECF**</u>
The Honorable J. Brendan Day, U.S.M.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> **Re:** ***Michael Marzarella v. Quickbase, Inc., et al.***
> <u>**Civil Action No. 3:23-cv-03855-MAS-JBD**</u>

Dear Judge Day:

Pursuant to the Court's November 12, 2025 Text Order [Dkt. 45] and as discussed at the November 10, 2025 settlement conference, the parties respectfully submit this joint letter regarding anticipated additional discovery and proposed scheduling.

<u>**Defendant's Position:**</u>

1. **Outstanding Discovery.** Defendant has requested supplemental documents from Plaintiff, including updated paystubs from NextWorld and Okta, Plaintiff's 2024 tax returns, and W-2s from Workday and Just Works. These documents were not produced during discovery or provided to Plaintiff's expert and Defendant contends they are necessary to evaluate economic damages and mitigation.

2. **Anticipated Additional Discovery.**   Defendant served its Notices of Intent to Serve subpoenas on Plaintiff's former employers (WorkDay, Inc. and Just Works Employment Group) today, November 21, 2025. Defendant intends to serve these subpoenas to obtain records relevant to Plaintiff's economic damages and mitigation, as we have not received any such documents from Plaintiff. These entities were identified on Plaintiff's 2023 tax returns, and Defendant asserts that these records are directly relevant to Plaintiff's claimed backpay damages, mitigation efforts, and his expert report. Plaintiff objects to any additional discovery, including subpoenas to Workday and Just Works.

Honorable J. Brendan Day, U.S.M.J.
November 21, 2025
Page 2

    **3. Expert Discovery.** Plaintiff's expert report has been served, and Defendant does not intend to retain a rebuttal expert. The only remaining deposition is Plaintiff's economic expert, which Defendant will conduct after receiving the requested documents from Plaintiff and the two subpoenaed entities.

    **4. Proposed Amended Pretrial Schedule and Briefing Schedule for Dispositive Motions.**

Defendant requests additional time to complete supplemental and third-party discovery before conducting expert depositions and filing dispositive motions. Defendant proposes the following schedule:

    **Expert deposition deadline:** January 30, 2026

    **Motion for summary judgment due:** January 30, 2026

    **Opposition due:** February 20, 2026

    **Reply due:** March 9, 2026

Defendant initially proposed setting the expert deposition deadline for January 30 and the summary judgment deadline for February 27. However, when Plaintiff asserted that no additional discovery was necessary and suggested moving both deadlines to December 17, Defendant offered the above schedule as a compromise. Plaintiff rejected this proposal and instead offered the schedule outlined in the following section. Defendant cannot accept Plaintiff's proposal because it does not allow sufficient time to complete the necessary additional discovery.

**Plaintiff's Position**: Plaintiff objects to any additional discovery, including subpoenas to Workday and Just Works, and opposes Defendant's request for supplemental production. Plaintiff agrees only to extend the expert deposition and dispositive motion deadlines to **December 31, 2025**, with subsequent briefing deadlines governed by the court's rules.

    We thank the Court for its attention to this matter and are available should Your Honor have any questions or wish to discuss further.

            Respectfully submitted,

            */s/ Rachel Seaton Brownell*

            Rachel Seaton Brownell

cc:    Drake P. Bearden, Esq. (via ECF)